**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Rodriguez, surviving father of Daniel Frank Rodriguez, individually and as co-personal representative of the Estate of Daniel Frank Rodriguez,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. CV11-02073-PHX-DGC<br><br>**ORDER** |

Defendant City of Phoenix ("the City") moves to dismiss Plaintiff's claims against it. Doc. 4. The motion has been fully briefed. Docs. 4, 5, 6. For the following reasons, the Court will deny the motion.[1]

**I.     Background.**

This action stems from Daniel Rodriguez's death following an altercation with Phoenix Police Department Officer Richard Chrisman on October 5, 2010. Plaintiff is Rodriguez's father. On October 4, 2011, he filed a complaint on behalf of himself and as "co-personal representative" of Rodriguez's estate. Doc. 1-1, at 4. The complaint raises claims against the City for wrongful death, failure to train or supervise, and loss of familial association.

---

[1] Plaintiffs' request for oral argument (Doc. 5) is denied because the issues are fully briefed and argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b).

Before Plaintiff filed his complaint, Rodriguez's mother, Elvira Fernandez, filed a nearly identical lawsuit in this court. Doc. 4-1. That case is currently pending before Judge Martone. CV11-02001-FJM. Her complaint also raises claims, both individually and as "co-personal representative" of Rodriguez's estate, against the City for wrongful death, failure to train or supervise, and loss of familial association.

## II.     Discussion.

The City initially raises two grounds for dismissal: that Plaintiff's claims are barred because of the pending action before Judge Martone, and that Plaintiff's claims fail to meet the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Doc. 4. Plaintiff responds that his wrongful death and survival claims should be consolidated, not dismissed, and that his claims satisfy *Iqbal*'s pleading standards. Doc. 5. In its reply, the City agrees with Plaintiff's request to consolidate and notes that Elvira Fernandez does not object to this arrangement. Doc. 6, at 1-2, n.1. It asks this Court to consolidate the case before Judge Martone with this case, join Elvira Fernandez as a required plaintiff for the survival claim, and order Plaintiff and Fernandez to elect one statutory plaintiff for the wrongful death claim and file an amended complaint. *Id.* at 4. The City does not pursue its pleading argument, noting that "[b]ecause Plaintiffs will have the opportunity to amend, there is no reason to continue litigating whether the allegations in the original complaint sufficiently state a claim upon which relief can be granted." *Id.* at 4, n.4.

The Local Rules of Civil Procedure for the District of Arizona provide that a motion to consolidate "shall contain the captions of all the cases sought to be consolidated, be filed in each case and shall be heard by the District Judge assigned the lowest case number." LRCiv 42.1(b). If the parties so desire, they must file a motion to consolidate in Judge Martone's court because that case has been assigned the lower case number.

**IT IS ORDERED** that Defendant City of Phoenix's motion to dismiss (Doc. 4) is **denied**.

Dated this 18th day of January, 2012.

_____
David G. Campbell
United States District Judge